**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CHRISTOPHER J. CLARK, #190-9805,    *

Plaintiff    *

v    *    Civil Action No. ELH-20-1194

MONTGOMERY COUNTY POLICE    *
   DEPARTMENT, *et al.*,
    *

Defendants

\*\*\*

**MEMORANDUM**

The above captioned case was opened on May 11, 2020, upon receipt of a Complaint and correspondence from Christopher J. Clark.  ECF 1-2.  Clark has sued the Montgomery County Police Department ("MCPD") and the Montgomery County Correctional Facility ("MCCF").  The matter has been construed and instituted as a civil rights Complaint, pursuant to 42 U.S.C. § 1983.

Clark alleges that Detective Dane Onorio of the MCPD lied on the application for a statement of charges that led to Clark's arrest, and the MCCF lacks staff and maintains filthy conditions, in violation of Clark's rights under the Sixth, Eighth, and Fourteenth Amendments to the Constitution.  *Id.*  As relief, Clark seeks his release from MCCF.  ECF 1-2 at 3.

And, at the top of the correspondence that accompanied Clark's Complaint, he wrote "Emergency Habeas Corpus."  ECF 2.  The letter details Clark's claims against the MCPD.  *Id.*  Clark has also filed a motion for leave to proceed in forma pauperis.  ECF 3.

The *Younger* abstention doctrine applies to Clark's allegations against the MCPD.  *See Younger v. Harris*, 401 U.S. 37 (1971).  That doctrine applies when

> a § 1983 action is brought in federal court by a defendant in a pending state-court criminal action challenging on constitutional grounds either the very prosecution of the state action, or its conduct in particular ways, or the conduct of state officials of the prosecuting state in investigating or prosecuting the action . . . . [W]here the

> state criminal prosecution is pending, the comity concerns of *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action.

*Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989); *see also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008).  "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted).

Here, Clark indicates that he is still awaiting trial in state criminal court.  ECF 2.  In his Complaint, he challenges the conduct of Det. Onorio in investigating the charges underlying the criminal case, which is still pending in state court.  Thus, the *Younger* abstention doctrine applies to his claims for injunctive and declaratory relief against the MCPD, and those claims shall be dismissed.  *See Traverso*, 874 F.2d at 212.

With regard to the claims against MCCF, Clark will be required to supplement his Complaint.  MCCF is not a "person" subject to suit under 42 U.S.C. § 1983.  Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983.  *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that MCCF "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

In light of Clark's self-represented status, he will be granted until June 15, 2020, to

supplement his filing, to include: 1) the names of the individuals whom he claims are responsible for the alleged wrongdoing; 2) what federal law or constitutional provision he is alleging they violated; 3) the dates of the alleged incidents; and 4) the facts supporting his claim.  Clark is directed to write the above case number on all papers he files in this matter.  Case law citations or submission of exhibits with the Complaint are not required; however, if an exhibit would assist the court and the named defendant in understanding the basis of this Complaint, the exhibit should be included.

However, to the extent that Clark seeks injunctive relief in the present action, his claims shall be dismissed.  If Clark's intent was to file a Petition for a Writ of Habeas Corpus, he may do so in a separate action once he exhausts his claims in state court.  *See Rose v. Lundy*, 455 U.S. 509 (1982) (stating that before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court).

As noted, Clark also filed a Motion for Leave to Proceed in Forma Pauperis.  ECF 3.  The affidavit in support of the motion fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides: "A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  Thus, Clark must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

In order to assist Clark in providing this information to the court, the Finance Officer at MCCF shall be directed to file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

An Order follows.


Date:  May 13, 2020                                        _____/s/_____
                                                          Ellen L. Hollander
                                                          United States District Judge